UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM JOSEPH METZGER, II, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| | ) | No. 4:19-cv-02375-AGF |
| WESLEY C. DALTON, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff William Joseph Metzger, II's motion to file a belated appeal. (Docket No. 14). The motion has been construed as a motion for an extension of time to file a notice of appeal under Fed. R. App. P. 4(a)(5). For the reasons discussed below, the motion will be denied.

### Discussion

On August 20, 2019, plaintiff filed this civil action pursuant to 42 U.S.C. § 1983. (Docket No. 1). The Court dismissed the case without prejudice on January 13, 2020. (Docket No. 10). On March 29, 2020, plaintiff filed the instant motion, which is titled "Motion for a Belated Appeal."[1] (Docket No. 14). In support of his motion, plaintiff states that he has been having problems getting legal copies. Specifically, he notes that he has been attempting to get a copy of his inmate trust account, but the authorities "are taking forever." (Docket No. 14-1 at 1).

---

[1] Plaintiff's motion was filed in the Court on April 7, 2020. However, the date on the motion indicates that it was placed into the prison mailing system on March 29, 2020. (Docket No. 14 at 2). The Court considers the date the motion was placed into the prison mail system to be the date it was filed. *See* Fed. R. App. P. 4(c).

In a civil case, a notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). As plaintiff's case was dismissed on January 13, 2020, his notice of appeal was due no later than February 12, 2020.

Pursuant to Fed. R. App. P. 4(a)(5)(A), the Court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and if "that party shows excusable neglect or good cause."

Here, as noted above, the time prescribed in Fed. R. App. P. 4(a) expired on February 12, 2020. Under Fed. R. App. P. 4(a)(5)(A), plaintiff potentially had another thirty days after February 12, 2020 in which to file a motion for an extension of time. That thirty-day period expired on March 13, 2020, but plaintiff did not file the instant motion until March 29, 2020. Moreover, even if plaintiff had timely filed this motion, he has not demonstrated "excusable neglect or good cause." In his motion, plaintiff states only that prison officials were slow in providing him a copy of his inmate trust account. This is insufficient to explain why plaintiff was unable to timely file a notice of appeal within thirty days. Therefore, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for an extension of time to file a notice of appeal is **DENIED**. *See* Fed. R. App. P. 4.

Dated this 10th day of April 2020.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE